IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOSE LUIS SANTANA-SALGADO, Defendant. | Cause No. CR 16-21-BLG-SPW ORDER |

Defendant Santana-Salgado ("Santana") moves the Court to reduce the sentence under 18 U.S.C. § 3582(c)(1)(A). He is currently serving a 120-month sentence for a federal drug offense. *See* Judgment (Doc. 37). His projected release date is August 17, 2024. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Mar. 21, 2022).

On November 24, 2021, the Court appointed counsel to represent Santana-Salgado. *See* Order (Doc. 45). The motion is now fully briefed.

**I. Legal Framework**

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court

1

may reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Generally, courts first consider whether the prisoner has shown an extraordinary and compelling reason that could warrant a reduction, then consider the factors in § 3553(a), to the extent they apply, to determine whether to make a reduction. *See, e.g., United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021) (per curiam); *United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021) (per curiam).

The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). The guideline, however, has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. The Ninth Circuit, along with several others, holds that district courts may take U.S.S.G. § 1B1.13 into account, but it is binding only when the Director has filed the motion. *See Aruda*, 993 F.3d at 802; *but see Bryant v. United States*, 996 F.3d 1243, 1248 (11th Cir.), *cert. denied*, No. 20-1732 (U.S. Dec. 6, 2021).

## II. Discussion

For the following reasons, Santana has not shown an extraordinary and compelling reason warranting a reduction of his sentence.

### A. Medical Condition

Santana asserts that his medical conditions make him especially vulnerable to developing severe illness if he contracts COVID-19. He is 58 years old. Elevated levels of prostate-specific antigen have been detected in his blood. So far as the Court understands the medical records, he has been referred for a urology consult but, as of November 2021, had not yet seen a provider. He has a history of hypertension, but medication appears to be controlling the condition. His history also includes alcohol abuse and use of methamphetamine, marijuana, and cocaine. *See, e.g.*, Med. Record (Doc. 48) at 6–12; Med. Record (Doc. 50-1) at 6, 40, 81–82; Presentence Report ¶¶ 53–56. He has received at least two doses of the Moderna vaccine against COVID-19. *See* Med. Record (Doc. 50-2) at 1; *see also* Centers for Disease Control, *COVID-19 Vaccines Work*, https://www.cdc.gov/coronavirus/ 2019-ncov/vaccines/effectiveness/work.html (updated Dec. 23, 2021, and accessed Mar. 21, 2022).

Santana's elevated PSA level is certainly concerning and requires attention. But it does not increase his likelihood of developing severe illness from COVID-19. *See* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 25, 2022, and accessed Mar. 21, 2022).

3

Hypertension can increase the risk, but, again, it appears to be reasonably well-controlled. Substance use disorders can increase a person's vulnerability to COVID-19. But a history of substance abuse is not necessarily the same thing as a substance use disorder. The medical record reflects a history.

Santana does not carry his burden of showing that his medical conditions amount to an extraordinary and compelling reason to reduce his sentence.

### B. Family Circumstances

Santana asserts that his wife, Amy McGee of Lakewood, Washington, requires assistance due to disabilities resulting from being shot in the head in 2016. *See* Mot. (Doc. 44) at 2. He did not submit supporting evidence of these facts. The presentence report does not reflect this incident or the fact that Santana was married. *See* Presentence Report ¶¶ 47–50; Br. in Supp. (Doc. 48) at 2–3. Santana reports that Ms. McGee passed away in December 2021, *see* Notice (Doc. 54), the Court cannot consider Santana's commitment to her as an extraordinary and compelling reason to reduce his sentence.

### C. Conclusion

Santana does not carry his burden of showing an extraordinary and compelling reason to reduce his sentence. There is no need to review or rebalance the sentencing factors under 18 U.S.C. § 3553(a). *See Keller*, 2 F.4th at 1284.

4

Accordingly, IT IS ORDERED that Santana's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 44, 47) is DENIED.

DATED this 24th day of May, 2022.

Susan P. Watters
United States District Court